## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA ALLARD, Individually and on Behalf of Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR NORTH AMERICA, INC., and TOYOTA MOTOR SALES, U.S.A., INC.,<br><br>    Defendants. | Case No. 3:25-cv-30107<br><br>Removal from Hampden County Superior Court, C.A. No. 2579CV00310 |

### DEFENDANTS' JOINT NOTICE OF REMOVAL

1.    In accordance with 28 U.S.C. §§ 1332(d), 1441, and 1446, with full reservation of defenses, Defendants Toyota Motor North America, Inc. ("TMNA") and Toyota Motor Sales, U.S.A., Inc. ("TMS") jointly give notice of the removal of this action originally filed in the Hampden County Superior Court to the United States District Court for the District of Massachusetts, Western Division. In support of this Notice of Removal, Defendants provide the required "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *see also*, *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) ("By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure.").

### I.    NATURE OF REMOVED ACTION

#### A.    State Court History

2.    On April 13, 2025, Plaintiff Laura Allard filed a putative class-action Complaint in the Hampden County Superior Court against Toyota Motor Corporation, a Japanese corporation, and TMS, a U.S. company incorporated in California and headquartered in Texas. The case was styled *Laura Allard, Individually and on Behalf of Others Similarly Situated, v Toyota Motor Corporation and Toyota Motor Sales U.S.A., Inc.*, C.A. No. 2579CV00310. *See*, **Exhibit 1**

(Complaint).

3.  Plaintiff's Complaint brings claims under Massachusetts law for breach of contract, promissory estoppel, restitution, a violation of Massachusetts General Laws Chapter 93A, and for breach of implied and/or express warranty. *See*, *id.*

4.  Plaintiff, on behalf of herself and "others similarly situated," generally alleges that the Defendants are liable because her Toyota FJ Cruiser experienced frame rust that rendered the vehicle defective. *See*, *id.* at ¶ 9.

5.  On May 8, 2025, Plaintiff served Defendant TMS with her Summons and Complaint. *See*, **Exhibit 2** (Service Package on TMS).

6.  On May 19, 2025, Plaintiff filed a First Amended Complaint ("FAC") against TMNA and TMS, dropping Toyota Motor Corporation as a Defendant. *See*, **Exhibit 3** (First Amended Complaint with Exs. A-D or "FAC") at ¶¶ 2, 3. The First Amended Complaint otherwise raises allegations and claims identical to the initial Complaint. *See, id.* at ¶¶ 32-57.

7.  The FAC seeks individual and class-wide damages in an unspecified amount. *See*, *generally*, **Exhibit 3.**

8.  On May 21, 2025, Plaintiff served the FAC on TMS by email to its counsel.

9.  On May 29, 2025, Plaintiff served a Summons and the FAC on TMNA via its registered agent. *See*, **Exhibit 4** (Service Package on TMNA).

10. The Summonses, Complaint, and First Amended Complaint are the only process, pleadings and/or orders that have been served in this action to date. In accordance with the requirements of 28 U.S.C. § 1446(a), those materials are collectively attached hereto as **Exhibit 5.**

   **B.    The Parties**

11. Plaintiff is a citizen and resident of Massachusetts. *See*, **Exhibit 3** at ¶ 1.

12. The FAC alleges that Defendant TMS is incorporated in California[1] with its

---

[1] The FAC incorrectly claims that TMS and TMNA are Texas Corporations. *See*, **Exhibit 3** at ¶¶ 2-3.

principal place of business in Texas. *See*, *id.* at ¶ 3.

13. The FAC alleges that Defendant TMNA is incorporated in California with its principal place of business in Texas. *See*, *id.* ¶ 2.

## II.     BASIS FOR REMOVAL

### A.     This Court Has Jurisdiction Under 28 U.S.C. § 1332(a)

14. Removal jurisdiction exists because the parties are diverse and the amount in controversy exceeds $75,000. *See,* 28 U.S.C. §§ 1332(a), (c)(1), 1441(a).

15. Plaintiff is a citizen of Massachusetts. *See*, **Exhibit 3** at ¶ 1.

16. Defendant TMS is a citizen of California and Texas. *See*, 28 U.S.C. § 1332(c)(1).

17. Defendant TMNA is a citizen of California and Texas. *See*, 28 U.S.C. § 1332(c)(1).

18. Each Defendant is therefore a citizen of a "different State[]" from Plaintiff, making the parties diverse. 28 U.S.C. § 1332(a)(1) & (c)(1).

19. Both Defendants consent to removal and join in this Notice of Removal.

20. Plaintiff alleges she has suffered at least $17,323.64 in compensatory damages based on an alleged estimate to repair the frame of her FJ Cruiser. *See*, **Exhibit 3** at ¶¶ 8, 10. The FAC prays for "compensatory damages, exemplary damages, reasonable attorney fees, other costs and fees, and other just and proper relief," but does not specify the total amount sought. *See*, *id.* at ¶ 11.

21. "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin*, 574 U.S. at 84. Taking Plaintiff's damages allegations as true—although they are disputed—Plaintiff's complaint alleges an amount in controversy above $75,000.

22. Plaintiff's Fourth Cause of Action for an alleged violation of Massachusetts General Laws Chapter 93A authorizes an award of "double or treble damages, [and] attorneys' fees and costs[.]" Mass. Gen. Laws Ann. ch. 93A, § 9(3A). In determining the amount in controversy, a court "includes statutorily authorized attorneys' fees and multipliers of damages, such as the treble damages provision in Chapter 93A." *Crandall, Tr. of Crandall Realty Tr. v.*

*Travelers Pers. Sec. Ins. Co.*, No. CV 23-12112-GAO, 2024 WL 199649, at *1 (D. Mass. Jan. 18, 2024).

23. Thus, even a conservative assessment of Plaintiff's claimed remedies easily exceeds $75,000. A treble damage award would exceed $50,000, and the mandatory attorneys' fees awarded to successful parties under Chapter 93A, § 11 would make up the difference. Courts routinely award attorneys' fees between $70,000 and $90,000 even where damages were under $20,000. *Swenson v. Mobilityless*, *LLC*, No. 3:19-CV-30168-MGM, 2023 WL 5979407, at *11 (D. Mass. July 21, 2023) (collecting cases), *adopted*, 2023 WL 5978280 (D. Mass. Aug. 7, 2023).

24. Accordingly, the parties are diverse, both Defendants consent to and join in this removal, and the amount in controversy exceeds the jurisdictional threshold. The U.S. District Court for the District of Massachusetts therefore has removal jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

### B. This Court Additionally Has Jurisdiction Under 28 U.S.C. §§ 1332(d)

25. Removal is also proper under the Class Action Fairness Act.

26. Plaintiff brings a class action complaint pursuant to Massachusetts law, identifying the class as "similarly situated" owners of "model year 2007-2014 FJ Cruiser vehicles[.]" *See*, **Exhibit 3** at ¶¶ 1, 13.

27. Plaintiff is a citizen and resident of Massachusetts. *See*, *id.* at ¶ 1.

28. Defendants are both citizens of California and Texas. 28 U.S.C. § 1332(c)(1).

29. The parties are therefore diverse under 28 U.S.C. § 1332(d)(2)(A) as Plaintiff is from a "State different" from each Defendant.

30. The amount in controversy, aggregated across all putative class members, as CAFA permits, *see*, 28 U.S.C. § 1332(d)(6), exceeds the jurisdictional prerequisite of $5,000,000.01.[2] Indeed, if each FJ Cruiser owner allegedly suffered the same damages as Plaintiff, there would

---

[2] "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. . . . To establish the jurisdictional amount, [the defendant] need not concede liability for the entire amount[.]" *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

need to be only 289 vehicle owners in the class to reach the amount in controversy threshold. Because eight model years are allegedly at issue, *see*, **Exhibit 3** at ¶ 13, the requirement is readily satisfied. *Compare Warner v. Toyota Motor Sales, U.S.A., Inc.*, No. CV152171FMOFFMX, 2016 WL 8578913, at *11 (C.D. Cal. Dec. 2, 2016) (approving proposed settlement in rusty frame litigation impacting three vehicle models over a period of one to five years in excess of the jurisdictional threshold).

31. Accordingly, the complaint alleges a "class action" under state law, the parties are at least minimally diverse, and the amount in controversy exceeds the $5,000,000 jurisdictional threshold. The U.S. District Court for the District of Massachusetts therefore has removal jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2).

### III.    COMPLIANCE WITH PROCEDURAL REQUIREMENTS

32. Defendants have satisfied all the procedural requirements for removal under 28 U.S.C. § 1446, and this Court's Local Rules.

33. Defendants are together filing this Joint Notice of Removal in the United States District Court for the District of Massachusetts, Western Division, because the state court in which the action is pending, the Hampden County Superior Court, is situated within this federal judicial district and division. This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

34. TMS, which was the first-served Defendant, received the initial Complaint by service on its registered agent on May 8, 2025. *See*, **Exhibit 2**. Defendants are removing the case within 30 days of that date; therefore, this removal is timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999).

35. Both Defendants consent to removal and join in this Notice of Removal.

36. After filing this Notice, in accordance with 28 U.S.C. § 1446(d), Defendants will serve a copy of this Notice upon the Plaintiff and will file a copy of the Notice with the Clerk of the Hampden County Superior Court in Springfield, Massachusetts.

37. Nothing in this Notice of Removal should be interpreted as a waiver or

relinquishment of any right to assert any and all defenses or objections to the First Amended Complaint, including lack of personal jurisdiction. If there are any questions that arise as to the propriety of removal of this action, Defendants respectfully request the opportunity to submit briefing, argument, and additional evidence as necessary to support removal, without waiver of its objection to personal jurisdiction.

## IV.   CONCLUSION

38.   WHEREFORE, Defendants remove this action to this Court for further proceedings according to law.

                                  Respectfully Submitted for the Defendants,
**Toyota Motor North America, Inc. and Toyota Motor Sales U.S.A., Inc.,**
By Their Attorneys,

*/s/ Matthew E. Bown*
Holly M. Polglase, Esq., BBO No. 553271
holly.polglase@clydeco.us
Matthew E. Bown, Esq., BBO No. 687184
matthew.bown@clydeco.us
Clyde & Co US LLP
265 Franklin Street, Suite 802
Boston, MA  02110
(617) 728-0050

Dated:   June 2, 2025

- 7 -

**CERTIFICATION PURSUANT TO 28 U.S.C. § 1446(d)**

I, Matthew E. Bown, Esq., hereby certify that on this 2nd day of June 2025, I provided **written notice** of removal to all adverse parties by serving a true and accurate copy of this Joint Notice of Removal with all Exhibits on the following counsel for Plaintiff via first class mail and via electronic mail:

Kevin M. Walkowski, Esq.
3333 Boston Road
Wilbraham, MA 01095
manomednet@yahoo.com

Additionally, a true and accurate copy of this Joint Notice of Removal with all Exhibits has this day been **filed** with the clerk of the state court by electronically uploading the same to:

Civil Clerk's Office
Hampden County Superior Court
50 State Street
Springfield, MA 01102

                                              */s/ Matthew E. Bown*
                                              Matthew E. Bown